## HARTFORD–CONNECTICUT TRUST CO. v. UNITED STATES.

### No. 3629.

District Court, D. Connecticut.
Oct. 31, 1934.

180

Allan K. Smith, of Hartford, Conn., for plaintiffs.

Paul R. Russell, Bureau of Internal Revenue, of Washington, D. C., and George H. Cohen, Asst. U. S. Atty., of Hartford, Conn.

HINCKS, District Judge.

### Finding of Facts.

Plaintiff at all times material to the issues was a Connecticut corporation engaging, amongst other activities, in the trust business, and was the duly qualified and acting trustee under the will of one James Terry, deceased. Under said will the plaintiff held a substantial estate in trust to invest and reinvest the same and to pay the net income to the testator's mother, Louise, during her life, with remainder, in fee, to his daughter, Leontine Terry.

On December 4, 1930, the plaintiff, as such trustee, sold to a broker 20 shares of Bank of New York & Trust Company and 40 shares of New York Trust Company at market price. The securities thus sold had been purchased by the plaintiff in the preceding March, and the sales thereof resulted in a substantial loss. This loss the plaintiff claimed as a deduction in the tax return of the trust estate for the taxable year 1930, but the deduction was disallowed by the Commissioner. The plaintiff thereupon paid the additional tax which was duly assessed on account of said disallowance, and, after making due application for a refund which was rejected, brought this suit for the recovery of so much of the tax paid as resulted from said disallowance. It was stipulated that the plaintiff, if entitled to recovery at all, should have judgment in the sum of $1,485.96, with interest upon the sum of $245 from March 15, 1931, and interest on the sum of $1,240.96 from July 19, 1933, to the date of payment of judgment.

On the same day on which said securities were sold, as aforesaid, the same securities were purchased by Louise, the testator's mother and life beneficiary, and substantially at the sale price (a slight discrepancy in the price being doubtless accounted for by brokers' commissions or expenses). In making this purchase, Louise was represented by the plaintiff acting as her attorney. Consequently, the net result of the transaction was that after as well as before the sale the said Louise enjoyed the entire income of said securities; but thereafter her enjoyment was an attribute of full legal ownership and coupled with all the other attributes of ownership; whereas theretofore her enjoyment of income was only as life beneficiary under the will and subject to the charges of the trust.

An employee of the plaintiff testified that the plaintiff's chief purpose in making this sale was to obtain a better diversification in the portfolio of the trust estate which theretofore had been, in the judgment of the plaintiff, overheavily invested in bank stocks. But this same witness readily admitted that the plaintiff also had in mind the tax situation as it would be affected by the resulting loss. Since the direct testimony just summarized appeared to me to be wholly candid and credible, and there being no evidence leading to a contrary conclusion, I find as a fact that the dominant purpose of the sale was to obtain a proper diversification of the investments of the estate and that the knowledge that some economy in taxes might thereby result was merely an incident to the transaction.

### Conclusions of Law.

1. I hold that the sale in question resulted in a "loss" within the meaning of section 23 (e) of the Revenue Act of 1928 (26 USCA § 2023 (e).

2. I hold that said loss was incurred in a "transaction entered into for profit" within the meaning of section 23 (e) (2) of the Revenue Act of 1928 (26 USCA § 2023 (e) (2).

3. I hold that said loss was a proper deduction from gross income in the determination of the plaintiff's net income and the tax thereon for the taxable year 1930, and that plaintiff is entitled to judgment in the amount above stipulated, with costs.

### Opinion.

The contention of the defendant that the transaction was a sham because the parties to the sale were trustee and life beneficiary of the trust estate, and the subject-matter was an item belonging to the

trust corpus, is without merit. For the principles of general jurisprudence and the Revenue Act itself alike treat the trust as a separate entity. Anderson v. Wilson, 289 U. S. 20, 53 S. Ct. 417, 77 L. Ed. 1004. Even the cases cited by the defendant fail to support this contention. Thus in Helvering v. Gregory (C. C. A.) 69 F.(2d) 809, the court distinctly recognized the existence, as a fact, of the "juristic personality" of a corporation which the Commissioner had disregarded for purposes of tax assessment.

And if, as I have found, the dominant purpose of the sale was one of business expediency, under no conceivable construction of the statute could it be held otherwise than that the transaction was one "for profit" within the meaning of the act.